THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHINOOK LICENSING DE, LLC, ) <br> a Delaware Limited Liability Company, ) <br> ) <br>        Plaintiff ) <br> ) <br> vs. ) <br> ) <br> RozMed LLC, Iron Dome LLC, John J. Yim & ) <br> Associates LLC, Steven S. Yu, and John J. ) <br> Yim, ) <br> ) <br>        Defendants ) | C.A. No. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

This is an action to curtail and remedy the improper, fraudulent and unlawful conduct by RozMed LLC, Iron Dome LLC, John J. Yim & Associates LLC, Steven S. Yu, and John J. Yim (collectively, "Defendants"). Plaintiff Chinook Licensing DE, LLC ("Chinook"), by its attorneys, brings this action for relief against Defendants for tortious interference with Chinook's business relations.

## PARTIES

1. Plaintiff Chinook Licensing DE, LLC is a Delaware limited liability company with a place of business at 320 Wilmette Avenue, Glenview, Illinois 60025.

2. On information and belief, Defendant RozMed LLC is a limited liability company organized and existing under the laws of the State of Virginia with its principal place of business at 9810 Cresence Way, Fairfax, Virginia 22032. RozMed's members include at least Steven S. Yu, a citizen of the state of Maryland. RozMed LLC can be served via its registered agent, Hungju Yu, at 9810 Cresence Way, Fairfax, Virginia 22032.

3. On information and belief, Defendant Iron Dome LLC is a limited liability company organized and existing under the laws of the State of Virginia, a citizen of the state of Virginia with its principal place of business at 501 Watkins Pond Blvd, Rockville, Maryland 20850. Iron Dome LLC's members include at least Steven S. Yu, a citizen of the state of Maryland Iron Dome LLC is a wholly –owned subsidiary of RozMed LLC. Iron Dome can be served via its registered agent, RozMed LLC, at 9810 Cresence Way, Fairfax, Virginia 22032.

4. On information and belief, Defendant John J. Yim & Associates LLC is a limited liability company organized and existing under the laws of the State of Virginia with its principal place of business at 7600 Leesburg Pike, East Building, Suite 470, Falls Church, Virginia 22043. John J. Yim & Associates LLC's members include at least John J. Yim, a citizen of the state of Virginia. John J. Yim & Associates can be served via its registered agent, John J. Yim, at 7600 Leesburg Pike, East Building, Suite 470, Falls Church, Virginia 22043.

5. On information and belief, Defendant Steven S. Yu is an individual residing in Rockville, Maryland and a citizen of the State of Maryland. Steven Yu is a managing member of RozMed LLC and principal of Iron Dome LLC.

6. On information and belief, Defendant John J. Yim is an individual residing in Falls Church, Virginia. John Yim is the managing partner of John J. Yim & Associates LLC.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Complete diversity exists between Plaintiff – a citizen of Delaware - and Defendants – citizens of either Virginia or Maryland - and the amount in controversy is in excess of $75,000.

8. This Court has personal jurisdiction over all Defendants pursuant to the Delaware Long-Arm Statute, 10 DEL. CODE. ANN. Tit. 3, § 3104, by virtue of Defendants' actions bringing about this cause of action, as alleged herein, and causing injury to Chinook.

9. Venue is proper in this district under 28 U.S.C. § 1391 because among other reasons, Defendants are subject to personal jurisdiction in this District and because of Defendants' actions within this District giving rise to this cause of action.

**FACTUAL BACKGROUND**

10. Chinook is in the business of licensing patents that it owns and defending its patent rights against wrongful infringers of those rights.

11. Chinook owns United States Patent No. 7,047,482 (the "'482 patent").

12. Chinook has asserted the '482 patent against several companies for patent infringement in the United States District Court for the District of Delaware. These matters are pending before Judge Stark.

13. Several of the companies against whom Chinook has asserted the '482 patent have settled their respective patent disputes by obtaining a license from Chinook to continue their use of the '482 patent.

14. Litigation is ongoing with several remaining defendants in pending patent infringement actions; however, Chinook continues to work towards resolving its disputes with those remaining companies.

15. Stephen B. Brauerman, Esquire is Chinook's Delaware counsel handling the litigation of the '482 patent in Delaware. His office address is 222 Delaware Avenue, Suite 900, Wilmington, DE 19801.

- 4 -

16. On March 26, 2014 Defendant John J. Yim sent a letter to Mr. Brauerman in Delaware threatening to file, on behalf of his client, a petition for *Inter Partes* Review seeking to invalidate Chinook's '482 patent unless Chinook immediately granted three (3) retroactive and transferable licenses to the '482 patent. A true and accurate copy of the March 26, 2014 letter from Mr. Yim to Mr. Brauerman is attached hereto as Exhibit A.

17. The March 26, 2014 letter was typed on the letterhead of Defendant John J. Yim & Associates and signed by Defendant John J. Yim. (*Id.*)

18. The March 26, 2014 letter states: "[w]e are attorneys for Iron Dome LLC (www.irondome.com)." (*Id.*)

19. Enclosed with the March 26, 2014 letter was a draft patent license agreement regarding the '482 patent and a draft petition for *Inter Partes* Review ("IPR") against the '482 patent. True and accurate copies of the draft patent license agreement and draft IPR petition are attached hereto as Exhibit B and Exhibit C, respectively.

20. An IPR is a trial proceeding conducted before the Patent Trial and Appeal Board whereby a third party may seek a review the patentability of one or more claims in a patent. In effect, an IPR is a vehicle by which a third party can seek to invalidate an issued patent.

21. The draft license agreement enclosed with the March 26, 2014 letter is the mechanism by which Defendant Iron Dome LLC proposed to obtain three (3) transferable licenses to the '482 patent. (*See* Exhibit B.)

22. The enclosed draft patent license agreement indicates that Defendant Steven Yu is the Managing Member of Iron Dome LLC. (*Id*. at 5.)

23. The draft license agreement states that "the Parties wish to resolve their patent dispute and avoid the attendant risks, fees, costs, and expenses that are associated with litigation and other patent related proceedings." (*Id*. at 1.)

24. Prior to Chinook's local counsel's receipt of this letter and enclosures, neither Chinook nor any of its representatives or affiliates had contact with any of the Defendants.

25. Defendants knew of and specifically referenced the litigation that Chinook has pending against other parties.

26. In their letter, Defendants state: "we request a rapid resolution of this dispute." The referenced "dispute" is Defendants' threatened draft petition for IPR enclosed with the March 26, 2014.

27. The draft license agreement does not propose to purchase licensing rights or include any provision wherein Defendant Iron Dome would remit monetary compensation to Chinook in exchange for the requested licenses.

28. Paragraph 3(a) of the draft license states that Defendant Iron Dome LLC may transfer the transferable licenses to the parties in Chinook's pending patent infringement actions. (*Id*. at 2.)

29. Paragraph 5 of the draft license states:

> 5. **Admission of Patent Validity**: Iron Dome admits that the Asserted Patent is valid and enforceable, and as such, will not challenge or participate in any challenge to the validity and enforceability of the Asserted Patent in any kind of legal proceeding.

(*Id*. at 3.)

30. The draft petition for IPR included with the March 26, 2014 letter takes the position that the claims of the '482 patent are obvious and therefore invalid and not enforceable. (*See* Exhibit C at v.)

31. The assertion in Paragraph 5 of the draft license agreement and the basis for Defendants' petition for IPR are diametrically opposed.

32. Chinook refused Defendants' coercive offer to license the '482 patent.

33. On April 22, 2014, a petition seeking *Inter Partes* Review of the '482 patent was filed with the United States Patent and Trademark Office by Defendant John J. Yim on Defendant Iron Dome LLC's behalf. Defendant Steven S. Yu is designated as back-up counsel for the petition.

34. On information and belief, in light of the foregoing facts, Defendants' filing of the petition for *Inter Partes* Review of the '482 patent was not in good faith and not for a proper purpose.

35. Specifically, for example, Defendant Iron Dome's press release regarding its petition for *Inter Partes* Review, included the following quote from Defendant Steven Yu: "No one should have to surrender to these lawsuits exploiting defective patents." A true and correct copy of the press release is attached hereto as Exhibit D.

36. The press release, however, failed to mention that Defendants previously sought to enter into a license agreement for the same '482 patent. Despite Iron Dome's declaration that the "defective" patents were being exploited, Defendants are apparently willing explicitly to assert that the patent was valid and enforceable if only they could obtain rights to license unidentified third parties to the patent in question, presumably for their own financial benefit.

37. On information and belief, it is likely that the remaining defendants in the ongoing Delaware patent infringement actions will find out about the pending petition for IPR, which will greatly reduce the chances that Chinook will be able to amicably resolve the infringement actions without further litigation.

38.     The malicious actions of Defendants in attempting to coerce a license from Chinook and then filing an unfounded legal IPR proceeding will cost Chinook both time and money and intefere with Chinook's ability to license its patent.

39.     Defendants sent their injurious communication from their office in Virginia, using letterhead from their counsel with a Virginia address, where the majority of Defendants are located.

40.     Defendants knew that they were communicating with a Delaware LLC (Chinook) and contacted Chinook's Delaware counsel in Wilmington, Delaware.

41.     Defendants' actions will cause Chinook to incur damages exceeding $75,000.

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
## (VIRGINIA COMMON LAW)

42.     Chinook repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–41 as if fully set forth herein.

43.     Chinook has existing business relationships with licensees of the '482 patent.

44.     Chinook has a reasonable expectation of potential business relationships with alleged patent infringers who have not yet resolved their disputes with Chinook and have not yet obtained a license to the '482 patent.

45.     On information and belief, Defendant had knowledge of Chinook's existing business relationships as well as other potential relationships with others regarding Chinook's licensing of the '482 patent. (*E.g.*, Exhibit A.)

46.     Defendants knowingly, intentionally, wrongfully, and maliciously interfered with and continue to interfere with Chinook's existing and potential business relationships.

47.     The IPR proceeding is unfounded litigation. The only purpose for the litigation is to coerce Chinook into capitulating and tendering a license to Defendant Iron Dome, LLC.

48. Defendants' actions have harmed Chinook's business relationships with current licensees and potential licensees. Chinook's loss of these advantageous business relations resulted directly from Defendants' improper and unlawful actions.

49. Chinook will suffer substantial damages, in an amount to be determined at trial, as a result of Defendants' improper and unlawful actions.

## DEMAND FOR JURY TRIAL

50. Chinook demands a trial by jury of any and all causes of action.

## **PRAYER FOR RELIEF**

WHEREFORE, Chinook respectfully prays for judgment:

A. Ordering Defendants to withdraw it petition for *Inter Partes* Review of the '482 patent;

B. Enjoining Defendants from taking any further action or threatening to take further action against the validity of the '482 patent;

C. Enjoining Defendants from soliciting, entering into, or enforcing any agreements with potential licensees with regard to the '482 patent or otherwise impair Chinook's ability to license the '482 patent;

D. Awarding Chinook monetary damages; and

E. Granting such other and further relief as this Court deems just and proper.

Dated: May 12, 2014

Bayard, P.A.

 /s/ Stephen B. Brauerman
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
Sara E. Bussiere (sb5725)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

Attorneys for Plaintiff Chinook Licensing DE, LLC