# EXHIBIT B

# Patent License Agreement

This patent license agreement ('Agreement') is dated _____ ('Effective Date') and is between:

IRON DOME LLC, a Virginia limited liability company,
*and*
CHINOOK LICENSING DE LLC, a Delaware limited liability company.

Chinook Licensing DE, LLC is the owner of U.S. Patent No. 7,047,482 issued on May 16, 2006 ('Asserted Patent'). The patent owner has brought civil actions for patent infringement against various parties for operating websites that make personalized recommendations to users. Iron Dome LLC wishes to acquire transferable licenses to the Asserted Patent.

The Parties wish to resolve their patent dispute and avoid the attendant risks, fees, costs, and expenses that are associated with litigation and other patent-related proceedings. Therefore, the Parties agree as follows:

**1. Definitions**

(a) 'Chinook' means Chinook Licensing DE, LLC, the owner of the Asserted Patent, and all of its Affiliates.

(b) 'Iron Dome' means Iron Dome LLC and all of its Affiliates.

(c) 'Party' means Chinook or Iron Dome. 'Parties' means both Chinook and Iron Dome.

(d) 'Third Party' means any party that is neither Chinook nor Iron Dome.

(e) 'Affiliate' means any present or future entity, corporation, company, association, partnership, joint venture, organization or other entity that directly or indirectly controls, is controlled by, or is under common control with a given entity. For purposes of this definition, 'control' means (i) in the case of a corporation, the direct or indirect ownership of 50% or more of the shares of stock entitled to vote for the election of directors (or of persons performing similar functions); or (ii) in the case of any other type of legal entity, the direct or indirect ownership of 50% or more of the equity interests, or status as a general partner in any partnership or joint venture, or any other arrangement whereby a party controls or has the right to control the Board of Directors or equivalent governing body of a corporation or other entity.

(f) 'Infringement Actions' means those legal actions that Chinook has brought asserting infringement of the Asserted Patent against various defendants in any forum, including any actions brought in the U.S. International Trade Commission, and including the

following in the U.S. District Court for the District of Delaware on or about December 20, 2013 and January 20, 2014:

| | | |
|---|---|---|
| (1) | 1:13-cv-02077 | Chinook Licensing DE, LLC v. Match.com, Inc. |
| (2) | 1:13-cv-02078 | ... v. Scribd, Inc. |
| (3) | 1:13-cv-02079 | ... v. StumbleUpon, Inc. |
| (4) | 1:14-cv-00073 | ... v. Facebook, Inc. |
| (5) | 1:14-cv-00074 | ... v. Hulu, LLC |
| (6) | 1:14-cv-00075 | ... v. LinkedIn Corporation |
| (7) | 1:14-cv-00076 | ... v. Project Rover, Inc. |
| (8) | 1:14-cv-00077 | ... v. Zoosk, Inc. |
| (9) | 1:14-cv-00105 | ... v. Pandora Media, Inc. |

**2.     Grant of Patent Licenses:** Chinook grants to Iron Dome three (3) separate retroactive, royalty-free, non-exclusive licenses for the Asserted Patent (each a 'Transferable License'), as well as for any and all United States patents now and in the future owned, controlled, assigned, or licensed to Chinook that are necessary for operating a website that is covered by the claims of the Asserted Patent.

**3.     Transferability of Patent Licenses**

    **(a) Transferability:** Iron Dome is permitted to separately transfer each of the Transferable Licenses to separate Third Parties and its Affiliates. For avoidance of doubt, this is intended to mean that the first Transferable License is transferable to one Third Party and its Affiliates, the second Transferable License is transferable to another Third Party and its Affiliates, and so on. Chinook understands that Iron Dome may transfer these Transferable Licenses to defendants in the Infringement Actions.

    **(b) Notification:** Iron Dome shall notify Chinook of any transfer of a Transferable License in writing (including the identity of the Third Party transferee) within five business days after such transfer.

    **(c) Release:** Upon the transfer of a Transferable License to a Third Party who is a defendant in any of the Infringement Actions, Chinook shall release such Third Party from:

        (i) all past and present claims, allegations, damages, obligations, liabilities or expenses of any kind or nature relating to the subject matter of the relevant Infringement Action;

        (ii) all claims that were or could have been asserted in the relevant Infringement Action, and

        (iii) all claims based on or arising out of the alleged infringement of the Asserted Patent.

**(d) Dismissal:** After Chinook receives written confirmation by a Third Party that they are the transferee of a Transferable License, Chinook shall dismiss its Infringement Action against such Third Party within six (6) business days.

**(e) Covenant Not-To-Sue:** Chinook will not assert any claim, or commence or join in any legal, administrative or other proceeding under the Asserted Patent against Iron Dome or any Third Party transferees, or any of its customers, suppliers, importers, manufacturers, or distributors.

**(f) Non-Assertion Runs with Patent:** Chinook will impose this covenant not-to-sue on any Third Party to whom Chinook may assign the Asserted Patent.

**(g) Single Transfer Only:** Each of the Transferable Licenses is transferable only once. Once Iron Dome transfers a Transferable License to a Third Party, that Third Party may not subsequently transfer the Transferable License to another Third Party. Iron Dome will inform of and impose this single-transfer limitation upon any Third Party transferee.

4. **Enforcement**

(a) Any Third Party who is a transferee of the Transferable License shall have standing and the right to enforce this Agreement (including the provisions for Release and Dismissal set forth in Sections 3(c) and (d) of this Agreement) against Chinook, without requiring the joining of Iron Dome.

(b) Chinook will not delay its duties of Release and Dismissal set forth above in Sections 3(c) and (d) of this Agreement. Chinook will be responsible for all expenses (including attorney fees) incurred by Iron Dome and/or Third Parties relating to the enforcement of this Agreement due to any such delay.

5. **Admission of Patent Validity:** Iron Dome admits that the Asserted Patent is valid and enforceable, and as such, will not challenge or participate in any challenge to the validity and enforceability of the Asserted Patent in any kind of legal proceeding.

6. **Confidentiality:** The Parties shall treat this Agreement as confidential and shall not disclose the existence, contents, terms, or conditions of this Agreement to any Third Party without the prior written consent of the other Party, except as necessary in the following conditions:

(a) as required by any court or other governmental body;

(b) as otherwise required by law;

(c) as otherwise may be required by applicable securities and other law and regulation, including the regulations of the U.S. Securities and Exchange Commission;

(d) to legal counsel, accountants, and other financial advisors of the Parties, subject to obligations of confidentiality;

(e) to the extent necessary for the enforcement of this Agreement or rights under this Agreement;

(f) to banks, investors, and other financing sources, subject to a non-disclosure agreement respecting confidentiality customary to the corresponding prospective transaction;

(g) in connection with an actual or prospective merger, acquisition, or other transaction with a Third Party, subject to a non-disclosure agreement respecting confidentiality customary to such prospective transaction;

(h) to prospective transferees of the Transferable Licenses, including those defendants in the Infringement Actions.

7. **Ownership:** Chinook represents that it is the sole owner of the Asserted Patent and has the right to grant the licenses and covenants in this Agreement related thereto.

8. **Representations:** Each Party represents to the other Party, as of the Effective Date, as follows:

(a) that it has all requisite corporate power and authority to enter into this Agreement and to perform its obligations hereunder and to grant the licenses, releases, promises, covenants, and other rights contained herein;

(b) that all acts required to be taken by it to authorize the execution and delivery and performance of this Agreement, and the consummation of the transactions contemplated herein have been duly and properly taken, and no other corporate proceedings on its part are necessary to authorize such execution, delivery, and performance;

(c) that this Agreement has been duly executed and delivered by it and constitutes a legal, valid, and binding obligation of it, enforceable against it in accordance with its terms.

9. **Entire Agreement:** This Agreement sets forth all the rights and obligations between the Parties.

10. **Severability:** If any provision of this Agreement or the application of any such provision to any person or circumstance is declared judicially or by arbitration to be invalid, unenforceable, or void, such decision will not invalidate or void the remainder of this Agreement. And this Agreement is to be deemed amended by modifying such provision to the extent necessary to render it valid, legal, and enforceable while preserving as much as possible its intent or, if such modification is not possible, by replacing it with another provision that is legal and enforceable and that achieves similar objectives.

11. **Choice of Law & Venue:** The laws of the state of New York, without reference to its conflict of laws principles, will govern this Agreement. The exclusive venue for any action brought by Chinook against Iron Dome regarding the construction, validity, enforceability, performance, or otherwise regarding a challenge to this Agreement will be the state courts of the Commonwealth of Virginia sitting in Fairfax County. Otherwise, the exclusive venue for any actions among the Parties and Third Party transferees of the Transferable Licenses under this Agreement will be the U.S. District Court for the District of Delaware and wherever other venue to which any of the Infringement Actions may be transferred.

12. **Notice:** All notices relating to this Agreement shall be given in writing and will be delivered through one or more of the following means: (1) in-person, (2) by certified mail with prepaid postage and return receipt, or (3) by a commercial overnight courier that guarantees next day delivery and provides a receipt. Notices are to be addressed as follows:

    If to Iron Dome:    Steven Yu, M.D.
                              Iron Dome LLC
                              PO Box 10034
                              Gaithersburg, MD 20898

    If to Chinook:      _____
                              _____
                              _____

The Parties sign this Agreement on the Effective Date given above:

**Chinook Licensing DE LLC**          **Iron Dome LLC**

By: _____          By: _____

Name: _____         Name: Steven Yu
                                                  Title: Managing Member

Title: _____