# EXHIBIT I

**UNITED STATES PATENT AND TRADEMARK OFFICE**
———————————————

**BEFORE THE PATENT TRIAL AND APPEAL BOARD**
———————————————

**IRON DOME LLC**
**Petitioner**
v.

**E-WATCH, INC.**
**Patent Owner**

———————————————

**Case: IPR2014-00439**

**Patent No. 7,365,871**

**Title: Apparatus For Capturing, Converting And Transmitting A Visual Image Signal Via A Digital Transmission System**

———————————————

**REVISED**
**PATENT OWNER'S PRELIMINARY RESPONSE**
**UNDER 37 C.F.R. §42.107**

## TABLE OF CONTENTS

I.   SUMMARY OF PATENT OWNER'S PRELIMINARY
     RESPONSE TO PETITIONER'S *INTER PARTES* REVIEW
     PETITION....……..………..…                                          1

II.  REASONS WHY *INTER PARTES* REVIEW SHOULD NOT BE
     INSTITUTED...………………….………..…………………..3
     A. Failure To Present Facts Supporting Insufficiency Of
        Swear Behind Affidavit ……………………………………...   3
     B. One Or More Relied Upon Patent Publications Are
        Specifically Antedated…………………………………….....5
     C. Petitioner's Assessment Of The Swear Behind Affidavit
        Is Flawed ………………………………………………….......7
     D. Petition Dismissed As A Sanction….…………….…..….…..11

III. CONCLUSION..........…………………….…………......….........15

     CERTIFICATE OF SERVICE…....……………………….…....…17

ii

EXHIBIT LIST

*The Exhibits have been renumbered to break original Exhibits 1 and 11 into two parts in order to accommodate the 25mb limit per exhibit. Original Exhibit 1 is now Exhibits 1 and 2. Original Exhibit 11 is now Exhibits 12 and 13. The remaining Exhibits have also been renumbered in order to retain the original sequence. No other changes have been made in the Response.*

[EXH. 2001]     As-filed 1.131 Affidavit from U.S. patent application serial no. 10/336,470 ("Swear Behind Affidavit") (part 1)

[EXH. 2002]     As-filed 1.131 Affidavit from U.S. patent application serial no. 10/336,470 ("Swear Behind Affidavit") (part 2)

[EXH. 2003]     Office Action indicating sufficiency of the Swear Behind Affidavit.

[EXH. 2004]     U.S. patent no. 5,666,159 ("Parulski '159 Patent")

[EXH. 2005]     U.S. patent no. 5,943,603 ("Parulski '603 Patent")

[EXH. 2006]     Artifact sheet from U.S. patent application serial no. 10/336,470 ("Artifact Sheet")

[EXH. 2007]     Unscanned artifacts from Swear Behind Affidavit ("Unscanned Artifacts")

[EXH. 2008]     Letter from Mr. John J. Yim to Patent Owner's legal counsel in patent infringement litigation matters in the United States District Court for the Eastern District of Texas ("Yim Letter")

iii

[EXH. 2009]     Petition for *Inter Partes* Review provided with Yim Letter

[EXH. 2010]     Proffered Licensing Agreement provided with Yim Letter

[EXH. 2011]     E-mail from John Yim to Christopher Goodpastor dated April 29, 2014

[EXH. 2012]     Complaint filed against RozMed LLC, Iron Dome LLC, John J. Yim & Associates LLC, Steven S. Yu, and John J. Yim in the United States District Court for the District of Delaware (Part 1)

[EXH. 2013]     Complaint filed against RozMed LLC, Iron Dome LLC, John J. Yim & Associates LLC, Steven S. Yu, and John J. Yim in the United States District Court for the District of Delaware (Part 2)

## I.   SUMMARY OF PATENT OWNER'S PRELIMINARY RESPONSE TO PETITIONER'S *INTER PARTES* REVIEW PETITION

Pursuant to 37 C.F.R. §42.107, E-Watch Inc. ("E-Watch") respectfully submits this Preliminary Response to the petition for *inter partes* review ("Petition") filed by Iron Dome LLC ("Petitioner").   On February 28, 2014, the Petition was filed with the United States (U.S.) Patent and Trademark Appeals Board ("PTAB") of the U.S. Patent and Trademark Office ("USPTO") pursuant to 35 U.S.C §314, requesting institution of *inter partes* review of U.S. patent no. 7,365,871 ("E-Watch '871 Patent"), owned by E-Watch and having been issued from U.S. patent application serial no. 10/336,470 ("E-Watch '470 Application").   In response to the filing of the Petition, the PTAB has opened *inter partes* review case no. IPR2014-00439 ("subject IPR case").   The PTAB issued its Notice of Filing Date ("Filing Date Notice") on March 4, 2014 and, thus, the preliminary response is due on June 4, 2014.   For the reasons set forth below, institution of *inter partes* review as requested in the Petition should not be granted, and the Petition should be dismissed in its entirety.

First, pursuant to 37 C.F.R. §42.108(c), *inter partes* review shall not be instituted for a ground of unpatentability unless the Board (i.e., the PTAB) decides that the petition supporting the ground would demonstrate that there is a reasonable likelihood that at least one of the claims challenged in the Petition is unpatentable. Petitioner based its request for *inter partes* review on one or more U.S. patents that have been previously antedated with respect to the claimed invention of the E-

1

Watch '871 Patent through the filing of an affidavit in accordance with 37 C.F.R. §1.131 (i.e., the Swear Behind Affidavit) during prosecution of the E-Watch '470 Application.  Moreover, Petitioner relied on an incomplete version of the Swear Behind Affidavit and consequently failed to consider or provide critical evidence included in the complete version of the Swear Behind Affidavit.  The evidence withheld by Petitioner supported the Patent Examiner's decision that the Swear Behind Affidavit was sufficient for specifically overcoming certain patents disclosed therein.  Because this evidence presented in the complete version of the Swear Behind Affidavit was fully considered by the Patent Examiner, the patents cited and relied upon by Petitioner are clearly and properly antedated and cannot be considered as a basis for rejection of the claims of the E-Watch '871 Patent.  As required by 37 C.F.R. §42.108(c), Petitioner has failed to demonstrate a reasonable likelihood that it will prevail in showing that any challenged claim of the E-Watch '871 Patent is unpatentable under 35 U.S.C. §102 or §103 based on the cited prior art.  Specifically, Petitioner is relying on art that cannot be considered as prior art because the Swear Behind Affidavit accepted by the Patent Examiner has confirmed that the invention predates this art.

Second, pursuant to 37 C.F.R §42.12(a), the PTAB may impose a sanction for misconduct.  Examples of such misconduct include, but are not limited to, abuse of process as provided for by 37 C.F.R §42.12(a)(6) or any other improper use of the proceeding (e.g., actions that harass or cause unnecessary delay or an unnecessary increase in the cost of the proceeding) as provided for by 37 C.F.R §42.12(a)(7). Petitioner has exhibited such misconduct through (1) filing the Petition despite its belief that the E-Watch '871 Patent is valid; (2) interjecting itself into a litigation dispute between the Patent Owner and several cellular phone manufacturers despite

2

the fact that it does not make a cellular phone covered by the E-Watch '871 Patent, has never been accused of infringing the E-Watch '871 Patent, and it has no ownership or other interest in the '871 patent; and (3) attempting to extract money from Patent Owner in exchange for withdrawing the Petition. As provided for by 37 C.F.R §42.12(b), appropriate sanctions for such misconduct include, but are not limited to, dismissal of the Petition and an order providing for compensatory expenses such as attorney fees.

## II.    REASONS WHY *INTER PARTES* REVIEW SHOULD NOT BE INSTITUTED

### A. Failure To Present Facts Supporting Insufficiency Of Swear Behind Affidavit

As required by 37 C.F.R. §42.108(c), *inter partes* review shall not be instituted for a  ground of unpatentability unless the Board decides that the petition supporting the  ground would demonstrate that there is a reasonable likelihood that at least one of the claims challenged in the Petition is unpatentable.  In order to meet this requirement Petitioner must, at a minimum, cite and explain prior art that Petitioner believes would anticipate or render obvious at least one of the claims challenged in the Petition.  In the present instance, Petitioner relied on one or more patent references that were previously determined to be antedated through the filing of the Swear Behind Affidavit [EXH. 2001(Part 1) and EXH. 2002(Part2)].  Such references are not prior art.

Moreover, Petitioner has not identified any defect in the Swear Behind Affidavit with respect to the requirements of such an affidavit under 37 C.F.R. §1.131.  Rather, Petitioner simply made general statements regarding the sufficiency of the Swear

3

Behind Affidavit and suggested that evidence of conception, diligence, and reduction to practice presented in the Swear Behind Affidavit should be subject to more scrutiny. (See page 5, lines 13-18 of the Petition).   Petitioner, however, made this statement without even reviewing the complete Swear Behind Evidence, concluding insufficiency while ignoring evidence of public record.  For this reason alone, the *Inter Partes* Review should not be instituted because Petitioner has not presented any specific basis to challenge the sufficiency of the Swear Behind Affidavit.  Absent such a basis, Petitioner has failed to demonstrate there is a reasonable likelihood that at least one of the claims challenged in the Petition is unpatentable.

In the Swear Behind Affidavit, the Applicant disclosed many patents and patent publications that he intended to antedate, some of which were cited by the Examiner during prosecution of the '470 Application and/or during prosecution of related U.S. application serial no. 10/326,503 ("E-Watch '503 Application").   In addition, in the Swear Behind Affidavit, the Applicant also included many other patents and patent publications that were not specifically cited by the Examiner during prosecution of the E-Watch '470 Application or the E-Watch '503 Application.  As stated in the Swear Behind Affidavit, the patents and patent publications that were not specifically cited by the Examiner during prosecution of the E-Watch '470 Application or the E-Watch '503 Application were disclosed in the interest of thoroughness with respect to all relevant prior art known by the inventor at the time of filing the Swear Behind Affidavit.

During the prosecution of the E-Watch '871 Patent, the USPTO found the Swear Behind Affidavit to be sufficient to overcome the Parulski '159 Patent.  The USPTO's acceptance of the Swear Behind Affidavit in overcoming the Parulski '159 Patent during prosecution of the E-Watch '871 Patent is an express acknowledgment that the

4

evidence presented in support of the Swear Behind Affidavit represents a showing of facts that, in character and weight, established reduction to practice prior to April 24, 1995, or conception of the invention prior to April 24, 1995 coupled with due diligence from prior to said date to subsequent reduction to practice and the filing of the E-Watch '470 Application.  The sufficiency of the Swear Behind Affidavit was acknowledged by the USPTO in the Office Action mailed August 9, 2005 during prosecution of the E-Watch '470 Application, a copy of which is provided herewith as Exhibit 3 [EXH. 2003].  Accordingly, the Patent Owner respectfully submits that the Swear Behind Affidavit overcomes all qualified patents and patent publications having an effective date of April 24, 1995 or later.  Such qualified patents and patent publications are defined as those patents and published patent applications that meet requirements of 35 U.S.C. §102(a) and 35 U.S.C. §102(e) for being sworn around, that are not prior art under 35 U.S.C. §102(b), and that do not claim the same invention as the E-Watch '871 Patent.

## B. One Or More Relied Upon Patent Publications Are Specifically Antedated

Petitioner has challenged claims 1-15 of the E-Watch '871 Patent (i.e., the Challenged Claims) on the grounds of obviousness over the combination of two U.S. Patents – U.S. patent no. 6,122,526 ("Parulski '526 Patent") in view of U.S. patent no. 5,893,037 ("Reele '037 Patent").  Pursuant to 37 C.F.R. §42.108(c), *inter partes* review shall not be instituted for a  ground of unpatentability unless the Board decides that the petition supporting the  ground would demonstrate that there is a reasonable likelihood that at least one of the  claims challenged in the Petition is unpatentable.  At least one of the patents relied upon in the grounds of obviousness

5

has been properly antedated through the submission of the Swear Behind Affidavit, which includes suitable evidence describing acts of conception, diligence, and reduction to practice. Accordingly, institution of *inter partes* review as requested in the Petition should not be granted, and the Petition should be dismissed in its entirety.

As an initial matter, a characterization of one of the patents relied upon in the Petition must be clarified.  Petitioner states that neither the Parulski '526 Patent nor the Reele '037 Patent were specifically applied in a rejection against the claims during prosecution of the application from which the E-Watch '871 Patent issued (i.e. the E-Watch '470 Application).  Although the Parulski '526 Patent was not specifically applied during the original prosecution of the E-Watch '470 Application, U.S. patent no. 5,666,159 ("Parulski '159 Patent") [EXH. 2004] was applied to claims in the E-Watch '470 Application.  The Parulski '526 Patent was granted from U.S. application serial no. 09/232,594 ("Parulski '594 Application").  The Parulski '594 Application is a continuation application of U.S. application serial no. 08/842,458 ("Parulski '458 Application") from which U.S. patent no. 5,943,603 ("Parulski '603 Patent") [EXH. 2005] issued.  The Parulski '458 Application is a divisional application of U.S. application serial no. 08/426,993 ("Parulski '993 Application") from which the Parulski '159 Patent issued.  Accordingly, the disclosures of the Parulski '526 Patent are the same as that of the Parulski '159 Patent because they share a common specification and, thus, there is no distinction in the subject matter of the Parulski '159 and '526 Patents.  Therefore, the complete disclosure of these patents was, in fact, considered by the Patent Examiner when he reviewed the disclosure of the Parulski '159 patent.

The Patent Owner filed the Swear Behind Affidavit [EXH. 2001(Part 1) and EXH. 2002 (Part 2)] under 37 C.F.R. §1.131 for the purpose of swearing behind the Parulski '159 Patent and the Reele '037 Patent, as well as other patents and patent publications, during original prosecution of the E-Watch '470 Application.   The Parulski '159 Patent and the Reele '037 Patent, as well as the Parulski '603 Patent and the Parulski '526 Patent, meet requirements of 35 U.S.C. §102(a) and 35 U.S.C. §102(e) for being sworn around, are not prior art under 35 U.S.C. §102(b) and neither disclose nor claim the same invention as the E-Watch '871 Patent.  The Swear Behind Affidavit presented evidence associated with the conception, diligence and reduction to practice of the claimed invention of the E-Watch '470 Application.

The Swear Behind Affidavit considered by the Examiner of the E-Watch '470 Application was found to be sufficient to antedate the Parulski '159 Patent and other prior art cited during prosecution of the E-Watch '470 Application (See Exhibit [EXH. 2003]).   In view of the Parulski '526 Patent both sharing a common specification with the Parulski '159 Patent (i.e., not including any new or different subject matter as compared to the Parulski '159 Patent) and being expressly cited in the Swear Behind Affidavit, the Parulski '526 Patent is similarly and inherently antedated by the Swear Behind Affidavit.

### C. Petitioner's Assessment Of The Swear Behind Affidavit Is Flawed

In requesting cancellation of the Challenged Claims on the grounds of obviousness, Petitioner has relied upon one or more patents that are subject to the Swear Behind Affidavit.  To this end, Petitioner has brought into question the sufficiency of the evidence of conception, diligence and reduction to practice presented in the Swear Behind Affidavit.  However, there are several significant flaws

7

in Petitioner's assessment of the Swear Behind Affidavit that preclude Petitioner from meeting the requirements for institution of *inter partes* review under 37 C.F.R. § 42.108(c).

One such flaw relates to the fact that the Parulski '159 Patent, Parulski '526 Patent and the Reele '037 Patent are all cited in the Swear Behind Affidavit. The Parulski '526 Patent, which is related to the Parulski '159 Patent, is the primary reference that Petitioner relies upon in requesting cancellation of the Challenged Claims. Because the Parulski '159 Patent was specifically cited by the Examiner during prosecution of the '470 Application, the Examiner necessarily must have considered the sufficiency of the Swear Behind Affidavit as it applied to that particular reference. As discussed above, the Parulski '526 Patent does not include any new or different subject matter as compared to the Parulski '159 Patent, but, indeed, includes an identical disclosure. No new material is presented. Accordingly, the Swear Behind Affidavit similarly and inherently antedates the Parulski '526 Patent.

Another flaw in Petitioner's assessment of the Swear Behind Affidavit relates to the factual information upon which Petitioner relies on to challenge the sufficiency of the Swear Behind Affidavit. As an exhibit to the Petition, Petitioner includes a copy of a 115-page document, which it has asserted as being "the inventor's affidavit." (See Exh. 1005 of the Petition). Petitioner claims that it has thoroughly reviewed the inventor's affidavit (See page. 4, line 14 of the Petition) and, presumably, Petitioner has taken this 115-page document to be the Swear Behind Affidavit. However, after a thorough review of the Patent Owner's paper files, the USPTO paper file wrapper ("PFW") for the '871 Patent and the USPTO on-line image file wrapper for the '871 Patent, the Patent Owner has confirmed that

8

this 115-page document is in fact an image file wrapper ("IFW") copy of a partial portion of the Swear Behind Affidavit ("IFW copy of the Swear Behind Affidavit") and has confirmed that the IFW copy of the Swear Behind Affidavit omits significant and key evidence that was considered by the Examiner of the E-Watch '470 Application as part of the Swear Behind Affidavit.

The evidence omitted from the IFW copy of the Swear Behind Affidavit (i.e., Exh. 1004 of the Petition) is a result of such evidence having been submitted to the USPTO, but having been saved as a publicly available artifact as opposed to having been scanned as part of the IFW copy of the Swear Behind Affidavit.  However, as the USPTO IFW and PFW records show, on the same day the Swear Behind Affidavit was filed with the USPTO (i.e., January 6, 2005), the Artifact Sheet [EXH. 2006] was entered in the IFW and PFW of the E-Watch '470 Application indicating that an item was filed but was not scanned.  The Artifact Sheet has an entry indicating that seventeen (17) exhibits were received but not scanned (i.e., the Unscanned Artifacts).  A copy of the Unscanned Artifacts, which are missing portions of the Exhibits of the IFW copy of the Swear Behind Affidavit, is provided herewith as Exhibit 7 [EXH. 2007].

Because Petitioner has not considered all of the evidence in the Swear Behind Affidavit presented to the Examiner during prosecution of the E-Watch '470 Application and included in the PFW copy of the Swear Behind Affidavit, the assertions of Petitioner with respect to the sufficiency of the Swear Behind Affidavit are necessarily inaccurate and incomplete and should be rejected.

Petitioner's assessment of the Swear Behind Affidavit is also fundamentally flawed because Petitioner improperly analyzes the critical conception and diligence dates.  Petitioner implies that the relevant date with respect to conception is a fixed

9

date irrespective of the effective dates of the relied upon patents.  For example, Petitioner repeatedly discusses the date of conception being March of 1993 and corresponding diligence being required from March of 1993 to the filing date of United States patent application number 09/006,073 ("E-Watch '073 Application) to which the 'E-Watch '470 Application claims priority.

Pursuant to 37 C.F.R. §1.131(b), the showing of facts for an oath or declaration under paragraph (a) of this section shall be such, in character and weight, as to establish reduction to practice prior to the effective date of the reference, or conception of the invention prior to the effective date of the reference coupled with due diligence from prior to said date to a subsequent reduction to practice or to the filing of the application.  Petitioner has not shown any defects in the Swear Behind Affidavit for the entire period between March of 1993 to the filing date of the E-Watch '073 Application (January 12, 1998), and it certainly has not and cannot in good faith claim that the Swear Behind Affidavit is insufficient to antedate at least one of the two cited references which have effective dates of April 24, 1995 (Parulski '526 Patent) and December 9, 1994 (Reele '037 Patent).  In view of Petitioner's errant focus on an absolute conception date without any consideration of the effective dates of the relied upon patents, the assertions of Petitioner with respect to the sufficiency of the Swear Behind Affidavit are without merit.

Because Petitioner has not considered the complete Swear Behind Affidavit presented to the Examiner of the E-Watch '470 Application and has not applied the appropriate analysis with respect to the relevant dates required to antedate the prior art cited in the Petition, Petitioner has failed to meet the requirements of 37 C.F.R. §42.108(c) for the Board to grant institution of *inter partes* review of the '871 Patent.

10

### D. Petition Dismissed As A Sanction

The Patent Owner respectfully submits that Petitioner has performed one or more acts that constitute misconduct with respect to the *inter partes* review proceedings associated with the Petition, with respect to the spirit of the *inter partes* review process in general, or both.   Pursuant to 37 C.F.R §42.12(a), the PTAB may impose one or more sanctions for misconduct.   As provided for by 37 C.F.R §42.12(b), sanctions for such misconduct include, but are not limited to, dismissal of the Petition and an order providing for compensatory expenses such as attorney fees. In view of such misconduct, the Patent Owner requests that institution of *inter partes* review be denied, that the Petition be dismissed in its entirety, and that the PTAB issue an order providing for compensatory expenses of attorney fees incurred in association with the Patent Owner having to respond to the Petition.

First, Petitioner has misled the PTAB by stating that it has reviewed the entirety of the Swear Behind Affidavit, when the public record clearly confirms that Petitioner ignored important publicly available evidence.

Second, prior to filing the Petition, Petitioner contacted legal counsel for the Patent Owner in patent infringement litigation matters pending in the United States District Court for the Eastern District of Texas ("Related Patent Infringement Litigation").   The Related Patent Infringement Litigation is disclosed in the Related Matters section of the Petition. (See page 2, line 1 of the Petition).   This contact was made through an unsolicited letter ("Yim Letter") [EXH. 2008] from Mr. John J. Yim, who is back-up counsel in the subject IPR case.   In the Petition, the Real Parties-In-Interest are listed as Mr. Steven S. Yu (lead counsel in the subject IPR

11

case) and Iron Dome LLC (a wholly-owned subsidiary of RozMed LLC and legal entity for which Mr. Yu is the managing member).

The Yim Letter suggests the potential invalidity of U.S. patent nos. 7,365,871 (i.e., the E-Watch '871 Patent) and 7,643,168 (collectively "Asserted Patents"), which have been asserted in the Related Patent Infringement Litigation brought by the Patent Owner against various electronics manufacturers ("Patent Infringement Defendants"). Mr. Yim, RozMed LLC, Mr. Yu and Petitioner are not parties directly involved in the Related Patent Infringement Litigation.

Mr. Yim enclosed a fully prepared, but not yet filed, petition for *inter partes* review [EXH. 2009] for the E-Watch '871 Patent in the Yim Letter.  Mr. Yim also provided a copy of a proposed licensing agreement ("Proffered Licensing Agreement") [EXH. 2010] seeking from the Patent Owner "eight (8) separate retroactive, royalty-free, non-exclusive licenses for the Asserted Patents (i.e., each a 'Transferable License'), as well as for any and all United States patents now and in the future owned, controlled, assigned, or licensed to E-Watch that are necessary for making, having made, using, importing, selling, and offering for sale a mobile communication device that is covered by the claims of the Asserted Patents."

Mr. Yim further provided with the Yim Letter a copy of a recent United States District Court for the Western District of Texas order staying litigation in a patent infringement lawsuit pending an associated *inter partes* review.  Following the Patent Owner's refusal to provide these Transferable Licenses, Mr. Yim, Mr. Yu and Iron Dome LLC/RozMed LLC proceeded with filing the Petition on February 28, 2014.  Thus, on the one hand, Petitioner seeks a license under the patents for its own benefit while on the other hand argues that the patents are clearly invalid.  It

12

can only be concluded that Petitioner instituted the subject IPR for the sole purpose of creating a financial gain for a patent to which it has no claim.

The Patent Owner contends that the acts of Mr. Yim, Mr. Yu, Iron Dome LLC and RozMed LLC in association with tendering this letter to legal counsel of the Patent Owner and, thereafter, filing the Petition after the Patent Owner refused to provide the Transferable Licenses support the Patent Owner's contention that Petitioner has committed misconduct.   Mr. Yim, Mr. Yu, Iron Dome LLC and RozMed LLC would only be seeking the Transferable Licenses requested in the Yim Letter if they believed that all, or at least some of the claims of the Asserted Patents, including the E-Watch '871 Patent, to be valid.   Unless some of the claims of the E-Watch '871 patent are valid, the requested Transferable Licenses would hold little or no value to Mr. Yim, Mr. Yu, Iron Dome LLC and RozMed LLC.

Section 5 of the Proffered Licensing Agreement [EXH 10] specifically states that "Iron Dome admits that the Asserted Patents are valid and enforceable." Petitioner's actions and the proposed license agreement provisions are in direct conflict with the filing of the Petition in the subject IPR case.   On the one hand, Petitioner is willing to sign a binding legal document admitting the patent is "valid and enforceable," while on the other hand has come before the this Board for the sole purpose of asserting that all of the claims of the E-Watch '871 Patent are invalid.   These positions cannot be reconciled, and Petitioner has acted in bad faith.

In view of the aforementioned considerations and actions, it is difficult for the Patent Owner to see Petitioner as anything more than an "IPR Troll."   Petitioner and affiliated entities and individuals have filed the Petition for the sole purpose of indirectly interjecting themselves into the Related Patent Infringement Litigation in an attempt to extract money from the Patent Infringement Defendants or Patent

13

Owner.   While Petitioner began its ill-conceived money-making scheme by requesting Transferable Licenses to the Asserted Patents, presumably to sell them to the Patent Infringement Defendants, it subsequently shifted its scheme to attempt to extract money directly from the Patent Owner.   On April 29, 2014, Petitioner requested an initial payment from the Patent Owner of $428,000 and potential subsequent payments of between $875,000 and $971,000 related to the first five putative settlements in the Related Patent Infringement Litigation in exchange for its withdrawal of the Petition.  A copy of the e-mail communication in which Petitioner made this request for payment is provided herewith as Exhibit 11 [EXH. 2011].  To this end, Petitioner and its affiliated entities are using the PTAB as a venue for its nefarious activities.

It appears that the Patent Owner was the unfortunate first victim of Petitioner's iniquitous business model as, subsequent to the filing of the Petition, Petitioner apparently approached Chinook Licensing DE, LLC to engage in the same scam.   Chinook Licensing DE, LLC has now sued Petitioner and related entities and individuals for tortious interference with business relations in the United States District Court for the District of Delaware.  A copy of the complaint filed by Chinook Licensing DE, LLC against Petitioner is provided herewith as Exhibits 12 and 13 [EXH. 2012(Part 1) and EXH. 2013(Part2].  The Patent Owner would think that, like itself, the PTAB would find this type of conduct to be contrary to the spirit and intended purpose of the *inter partes* review process that was created to provide an efficient procedure to adjudicate the validity of certain patents that are often involved in litigation, thereby providing a cost savings to the litigants and relieving the courts from some of the congestion associated with highly complex patent litigation.  Indeed, the USPTO's website specifically states under Question IPR8018

14

that "[t]he Board's proceedings are intended to provide a quicker, less expensive alternative to district court patent litigation." See http://www.uspto.gov/aia_implementation/faqs_inter_partes_review.jsp. Granting the *inter partes* review of the subject IPR case opens the door for future instances of such misconduct by Iron Dome LLC and other entities that mimic its reprehensible business model and have no involvement in district court litigation. Granting IPR petitions from these types of entities will squander the valuable and limited resources of the PTAB, compromising the PTAB's ability to effectively resolve meritorious IPRs for which the IPR process was created, and also make a mockery of the very premise upon which the IPR process was established.

The Patent Owner requests that the PTAB use its discretion to impose appropriate sanctions, including dismissal of the Petition in its entirety and issuance of an order providing for compensatory expenses for Patent Owner's attorney fees associated with responding to the Petition.

## III.   CONCLUSION

While substantive distinctions exist between the claims of the E-Watch '871 Patent and the asserted patents, it is unnecessary to analyze those distinctions because Petitioner has not even met the minimum requirements set forth in 35 U.S.C. §314 for institution of *inter partes* review. With respect to 37 C.F.R §42.108(c), Petitioner has not met its burden to show a reasonable likelihood that at least one of the claims challenged in the Petition is unpatentable because it has failed to establish that the previously filed Swear Behind Affidavit is insufficient to antedate the references cited in the subject IPR case. This is particularly true in view of the fact that, despite representations to the contrary, Petitioner did not review any of the Unscanned

15

Artifacts contained in the Swear Behind Affidavit.  Furthermore, Petitioner's abuse of the *inter partes* review process warrants a sanction in the form of dismissal of the Petition as provided for by 37 C.F.R §42.12 (b)(8) and an award of attorney fees under 37 C.F.R §42.12 (b)(6) .  Accordingly, for the reasons presented herein, *inter partes* review of the E-Watch '871 Patent should not be instituted, and the Petition should be dismissed in its entirety.

Respectfully Submitted,

___/David O. Simmons/_____

**Lead Counsel:**
Robert C. Curfiss
Reg. No. 26,540
Attorney
19826 Sundance Drive
Humble, Texas 77346
Telephone: (832) 573-1442
Facsimile:  (832) 644-6152

**Back-Up Counsel:**
David O. Simmons
Reg. No. 43,124
Patent Agent
P. O. Box 26584
Austin, Texas 78755
Telephone: (512) 345-9767
Facsimile:  (512) 345-0021

## UNITED STATES PATENT AND TRADEMARK OFFICE

---

**IRON DOME LLC**
**Petitioner**
**v.**
**E-WATCH, INC.**
**Patent Owner**

---

**Case: IPR2014-00439**
**Patent No. 7,365,871**
**Title: Apparatus For Capturing, Converting And Transmitting A Visual Image Signal Via A Digital Transmission System**

---

CERTIFICATE OF SERVICE

A Certificate of Service in compliance with 37 CFR §42.205 is attached to the Preliminary Response, certifying that a copy of the Preliminary Response in its entirety has been served on Petitioner as detailed below.

Date of Service:      June 3, 2014

Manner of Service:    email with consent of Petitioner

Document(s) Served:   Patent Owner's Preliminary Response

                      Exhibits [EXH. 2001] to [EXH. 2013]

Person(s) Served:     Steven Yu

                      RozMed LLC

                      P. O. Box 10034

                      Gaithersburg, MD 20898

                              _/David O. Simmons/_____

                              David O. Simmons

                              Reg. No. 43,124

17