## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHINOOK LICENSING DE, LLC, ) <br> a Delaware Limited Liability Company, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> ROZMED LLC, a Virginia limited liability ) <br> company, IRON DOME LLC, a Virginia ) <br> limited liability company, JOHN J. YIM & ) <br> ASSOCIATES LLC, a Virginia limited ) <br> liability company, STEVEN S. YU, AND ) <br> JOHN J. YIM, ) <br> ) <br> Defendants ) | C.A. No. 14-598-LPS <br><br> JURY TRIAL DEMANDED |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

On May 12, 2014 Plaintiff filed its original complaint in this action. (D.I. 1.) Plaintiff later filed its First Amended Complaint on June 13, 2014 to include an additional cause of action for Defendants' RICO violations. (D.I. 9.) Plaintiff now moves for leave to file the attached proposed Second Amended Complaint that includes information regarding recent developments at the Patent Trial and Appeals Board ("PTAB") related to Defendants' improper actions.[1] Pursuant to Local Rule 7.1.1, the undersigned counsel hereby certifies that he meet and conferred with Defendants regarding the relief sought in this motion and Defendants advised that they will oppose the motion.

### LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading "by leave of court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a).

---

[1] Pursuant to Local Rule 15.1, a clean and redlined copy of the proposed Second Amended Complaint are attached hereto as Exhibits A and B.

Leave should be freely granted unless there is an apparent or declared reason for denial, *e.g.*, undue delay, bad faith, or dilatory motive on the part of the movant; undue prejudice to the opposing party; or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Absent such grounds for denial, "it is an abuse of discretion for a district court to deny leave to amend." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (citations omitted). The decision of whether to grant or deny leave to amend a pleading is fully within the discretion of the court. *Agere Sys. Guardian Corp.V. Proxim, Inc.*, 190 F. Supp. 2d 726, 732 (D. Del. 2000).

## ANALYSIS

The Court should grant Plaintiff's Motion for Leave to File its Second Amended Complaint because it will not unduly prejudice Defendants, is not futile, and is not the product of undue delay, bad faith, or dilatory conduct.

This case is in its early stages and discovery is stayed at Defendants' request and by agreement of the parties pending the resolution of Defendants' fully briefed motion to dismiss. The proposed Second Amended Complaint contains factual information regarding Defendants' recent actions related to the Plaintiff's allegations in this case. Specifically, the Second Amended Complaint includes updates regarding (1) the PTAB's decision not to institute *Inter Partes* Review based on Defendant's wrongful Petition seeking invalidation of Plaintiff's patent, (2) the PTAB's further denial of Defendants improper request for rehearing for *Inter Partes* Review, and (3) Defendants' continued extortion scheme against additional parties. All of these events had not occurred as of the filing of Plaintiff's First Amended Complaint. Plaintiff did not delay in seeking Defendants' agreement or the Court's leave to file the proposed Second Amended Complaint.

Defendants will not be unduly prejudiced by Plaintiff's proposed Second Amended Complaint. As stated *supra*, Plaintiff only seeks to update its Complaint with recent facts regarding Defendants' continued activities in furtherance of Defendants' scheme to extort and harass individuals legally asserting their patent rights. Furthermore, for those same reasons, Plaintiff's proposed Second Amended Complaint is not futile.

Because there is no apparent or declared reason for denial, Plaintiff respectfully requests this Court grant Plaintiff leave to file its proposed Second Amended Complaint.

Dated: November 7, 2014

Bayard, P.A.

/s/ Stephen B. Brauerman
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
Sara E. Bussiere (sb5725)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

Attorneys for Plaintiff Chinook Licensing DE, LLC