UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHINOOK LICENSING DE, LLC,<br>a Delaware Limited Liability Company,<br><br>                Plaintiff,<br><br>           vs.<br><br>ROZMED LLC, IRON DOME LLC,<br>JOHN J. YIM & ASSOCIATES LLC,<br>STEVEN S. YU, AND JOHN J. YIM,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 14-598 LPS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## IRON DOME LLC'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR ATTORNEY'S FEES AND COSTS UNDER FED. R. CIV. P. 54

OF COUNSEL:

John J. Yim
JOHN J. YIM & ASSOCIATES LLC
7600 Leesburg Pike
East Building, Suite 470
Tysons Corner, VA  22045
(703) 749-0500
jyim@yimassociates.com

David L. Finger (#2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange Street, 7th floor
Wilmington, DE 19801
(302) 573-2525
dfinger@delawgroup.com

Attorney for Defendants

Dated: January 30, 2015

# TABLE OF CONTENTS

1. Plaintiff avoids answering the question of why they chose to sue opposing counsel............. 1

2. The fee-shifting provision in Delaware's anti-SLAPP statute is waived "only if it is waived specifically." ........................................................................................................ 2

3. The Delaware anti-SLAPP statute's fee-shifting provision does not conflict with the Federal Rules of Civil Procedure. ........................................................................................ 4

# TABLE OF AUTHORITIES

**Cases**

*3M Co. v. Boulter*,
  842 F. Supp.2d 85 (D.D.C. 2012) ................................................................................ 4

*Adelson v. Harris*,
  2014 WL 7234557 (2nd Cir. Dec. 19, 2014) ................................................................ 5

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*.,
  421 U.S. 240 (1975) ..................................................................................................... 6

*Containment Tech. Group, Inc. v. Am. Soc'y Health Sys. Pharmacists*,
  2009 WL 2750093 (S.D. Ind. 2009) ............................................................................ 6

*Cotton v. Slone*,
  4 F.3d 176 (2d Cir. 1993) ............................................................................................. 5

*Farah v. Esquire Magazine, Inc.*,
  863 F.Supp.2d 29 (D.D.C. 2012) ................................................................................. 5

*Godin v. Schencks*,
  629 F.3d 79 (1st Cir. 2010) .......................................................................................... 5

*Henry v. Lake Charles Am. Press, LLC*,
  566 F.3d 164 (5th Cir. 2009) ....................................................................................... 5

*Intercon Solutions, Inc. v. Basel Action Network*,
  969 F.Supp.2d 1026 (N.D. Ill. 2013) ........................................................................... 4

*Makaeff v. Trump University, LLC*,
  715 F.3d 254 (9th Cir. 2013) ....................................................................................... 5

*Mitzel v. Westinghouse Elec. Corp.*,
  72 F.3d 414 (3rd Cir. 1995) ......................................................................................... 6

*Northon v. Rule*,
  494 F.Supp.2d 1183 (D. Or. 2007) .............................................................................. 5

*South Middlesex Opportunity Council, Inc. v. Town of Framingham*,
  2008WL 4595369 (D. Mass. 2008) ............................................................................. 5

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*,
  190 F.3d 963 (9th Cir. 1999) ....................................................................................... 5

**Statutes**

10 DEL. C. §§ 8136-8138 .................................................................................................. passim

# ARGUMENT

After all this, Plaintiff still continues to be in denial that Defendants Steven Yu and Iron Dome LLC ("Iron Dome") possess a statutory right to file an *inter partes* review petition and did nothing wrongful by exercising that right. Plaintiff boasts that their lawsuit was a "first of its kind" case (but which this Court deemed as making "implausible" claims) that relieves them from having to pay for the resulting damages. But there is nothing "first of its kind" about filing a frivolous lawsuit, failing to perform an adequate pre-filing investigation of the facts, and failing to perform an adequate pre-filing investigation of the law. Plaintiff owes Defendant Iron Dome its legal expenses incurred in extricating all the Defendants from this baseless lawsuit.

1. **Plaintiff avoids answering the question of why they chose to sue opposing counsel.**

Suing the opposing party's own counsel is plainly an unusual tactic in civil litigation and raises a "red flag" that questions the motive of the lawsuit itself. Plaintiff's answering brief avoids answering the *big* question: On what factual grounds did they choose to sue Steven Yu and Iron Dome's own counsel John Yim? Or more particularly, on what factual grounds was Plaintiff *entitled to presume* (incorrectly) that John Yim was in business partnership with Steven Yu, instead of it being an ordinary attorney-client relationship. Plaintiff avoids answering this specific question and instead makes irrelevant comments about the procedural convenience of not having to consolidate different cases.

Plaintiff having been given an opportunity but failing to give a plausible answer, this Court can rule out any good faith reasons for why Plaintiff chose to sue the opposing party's own counsel and give consideration to the bad faith reasons. Plaintiff sued the opposing party's own counsel to intimidate and punish. And they did this at the *outset* of the lawsuit, tainting this entire lawsuit with the same underlying bad faith motivation.

1

Plaintiff makes the nonsense argument that upon close examination of Iron Dome's attorney's fees, they have determined that having Iron Dome's own counsel named in the lawsuit did not cause any additional fees to be incurred (and implicitly conceding that the amount of attorney's fees that Iron Dome seeks is reasonable). Because of this, Plaintiff asserts that it is relieved from having to reimburse Iron Dome the entire $53,474 amount for its legal expenses. No, it is *but for* this entire lawsuit that Iron Dome paid those legal expenses. Had Plaintiff not commenced its frivolous lawsuit with the underlying motive of intimidation and punishment, Iron Dome would have incurred $0.00 in legal expenses.

2. **The fee-shifting provision in Delaware's anti-SLAPP statute is waived "only if it is waived specifically."**

Plaintiff argues that because Defendants did not seek dismissal under § 8137 of the anti-SLAPP statute, Defendant Iron Dome waived its right to invoke the fee-shifting provision of § 8138. Delaware's anti-SLAPP statute expressly states the opposite. In the fee-shifting provision, § 8138(b) specifically instructs that "[t]he right to bring an action under this section [§ 8138] can be waived only if it is waived specifically." 10 DEL. C. §§ 8136-8138. Iron Dome never specifically waived the right to invoke this section (*i.e.*, the fee-shifting provision) of the statute.

Moreover, the reason Defendants did not seek dismissal under the anti-SLAPP statute is because, as Plaintiff argues in its own answering brief, it is procedural in nature and therefore potentially in conflict with the Federal Rules of Civil Procedure. Defendants have no history of making frivolous assertions. Unlike the "special motion to dismiss," the fee-shifting provision in § 8138 is a matter of substantive law and is not in conflict with the Federal Rules of Civil Procedure.

Plaintiff further argues that § 8138 (fee-shifting) is dependently linked to § 8137 (special motion to dismiss and summary judgment) and requires that the defendant must first prevail under § 8137 before being able to invoke the fee-shifting provision of § 8138.

This is not correct. The structure and organization of Delaware's anti-SLAPP statute indicate that §§ 8137 and 8138 were intended to be stand alone provisions that can be used independently.



**§ 8136**
Actions involving public petition and participation. [Setting forth definitions].

**§ 8137**
(a)  A motion to dismiss … *as defined in § 8136* … action has a *substantial basis in law* or is supported by a substantial argument for an extension, modification or reversal of existing law.

(b)  A motion for summary judgment … *as defined in § 8136* … action has a *substantial basis in fact and law* or is supported by a substantial argument for an extension, modification or reversal of existing law.

**§ 8138**
(a)  A defendant in an action … *as defined in § 8136* … recover damages, including costs and attorney's fees … provided that:

(1)  Costs, attorney's fees and other compensatory damages … was commenced or continued without a *substantial basis in fact and law* and could not be supported by a substantial argument for the extension, modification or reversal of existing law; and

(2)  Punitive damages may only be recovered … was commenced or continued for the purpose of harassing, intimidating, punishing …

3

Referring to the diagram of 10 DEL. C. §§ 8136-8138 shown above, each of § 8137 and § 8138 separately refer, in parallel, to preceding § 8136 for the defining terms. Each of § 8137 and § 8138 separately set forth their own standard for granting relief. There is no cross-referencing of any kind between § 8137 and § 8138. Contrary to Plaintiff's argument, there is nothing indicating that § 8138 (fee-shifting) is dependent upon § 8137 (procedural devices) in any way.

Delaware's anti-SLAPP statute does indeed involve a two-step process as Plaintiff argues. In the first step, the Court applies the definitions in § 8136 to determine if the subject action is a "SLAPP"-type lawsuit. If so, the court can then proceed to either or both of §§ 8137 or 8138 for the second step. In this second step, the Court determines whether the "SLAPP"-type lawsuit meets the "substantial basis" requirement set forth in both of §§ 8137 and 8138. If so, the Court can grant relief given by the relevant section (*i.e.*, dismissal, summary judgment, damages award, etc.).

   3.   **The Delaware anti-SLAPP statute's fee-shifting provision does not conflict with the Federal Rules of Civil Procedure.**

Iron Dome agrees that federal courts have reached different conclusions when confronted with the question of whether a state anti-SLAPP statute's special procedural devices (special motion to dismiss, strike, or summary judgment) conflicts with the Federal Rules of Civil Procedure. But this particular issue and the line of cases cited by Plaintiff is not on point with the present situation because they all deal with the special procedural device of anti-SLAPP statutes. *3M Co. v. Boulter*, 842 F.Supp.2d 85, 93 (D.D.C. 2012), involved the District of Columbia anti-SLAPP Act's provision for a "special motion to dismiss." *Intercon Solutions, Inc. v. Basel Action Network*, 2013 WL 4552782, at *1 (N.D. Ill. 2013), involved the Washington state anti-SLAPP Act's provision for a special motion to dismiss and special motion to strike. *South Middlesex Opportunity Council, Inc. v. Town of Framingham*, 2008WL 4595369 at *1 (D. Mass.

2008), involved the Massachusetts anti-SLAPP statute's special motion to dismiss. *Makaeff v. Trump University, LLC*, 715 F.3d 254, 261 (9th Cir. 2013), involved the California state anti-SLAPP statute's provision for a "special motion to strike" to dismiss an action before trial. For these four federal court cases cited by Plaintiff, Defendant Iron Dome can cite to equally as many cases that reach the opposite conclusion.[1] It is sufficient to say that, for this particular issue relating to special procedural devices, the law is unsettled.

But the on-point issue in the present case is *not* whether the *special procedural devices* in an anti-SLAPP statute can be applied in a federal court. The on-point issue is whether an anti-SLAPP statute's *fee-shifting provision* can be applied in a federal court. A different set of federal court cases address this narrower issue. In *Adelson v. Harris*, 2014 WL 7234557 (2nd Cir. Dec. 19, 2014), the Second Circuit was confronted with the question of whether Nevada's anti-SLAPP provisions apply in federal proceedings under the *Erie* doctrine. The Second Circuit court stated that "the specific state [Nevada] anti-SLAPP provisions applied by the district court – immunity from civil liability …, and mandatory fee shifting, … seem to us unproblematic." *Id*. at *4 (internal citations omitted). In reaching this conclusion, the Second Circuit court cited to its prior ruling ("Attorney's fees mandated by state statute are available when a federal court sits in diversity") that it made in *Cotton v. Slone*, 4 F.3d 176, 180 (2d Cir. 1993).

The U.S. District Court for the District of Oregon also addressed this on-point issue in *Northon v. Rule*, 494 F.Supp.2d 1183 (D. Or. 2007). In *Northon*, when the Oregon federal court was confronted with the fee-shifting provision of Oregon's anti-SLAPP statute, it stated that "[i]n diversity cases, attorney fee awards are governed by state law." *Id*. at 1184. An Indiana

---

[1] *See, e.g., Godin v. Schencks*, 629 F.3d 79, 91-92 (1st Cir. 2010); *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 181-183 (5th Cir. 2009); *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co*., 190 F.3d 963, 972-73 (9th Cir. 1999); *Farah v. Esquire Magazine, Inc*., 863 F.Supp.2d 29, 36 n.10 (D.D.C. 2012).

federal court also addressed this particular issue in *Containment Tech. Group, Inc. v. Am. Soc'y Health Sys. Pharmacists*, 2009 WL 2750093 (S.D. Ind. 2009). This case involved Indiana's anti-SLAPP statute, which entitles the prevailing defendant to attorney's fees and costs. *Id*. at *1. In granting the fee award, the Indiana federal court stated that the "attorney fee-shifting provision of the anti-SLAPP statute is a key part of the law's substantive policy." *Id*. at *2.

Just as these other federal courts have done, this question of whether a state anti-SLAPP statute's fee-shifting provision is applicable in federal courts can be resolved by looking to the basic legal principles. Under the *Erie* doctrine, a federal court sitting in diversity applies state substantive law and federal procedural rules. As Defendant Iron Dome demonstrates herein, the recovery of attorney's fees and costs is a matter of substantive state law. *See also Mitzel v. Westinghouse Elec. Corp*., 72 F.3d 414, 417 (3d Cir. 1995), citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*., 421 U.S. 240 (1975). Therefore, under the *Erie* doctrine, this Court sitting in diversity is permitted to apply the Delaware anti-SLAPP statute's fee-shifting provision. This is especially true for Delaware's anti-SLAPP statute, in which the fee-shifting provisions operate independently of the procedural devices.

## Conclusion

Plaintiff owes Defendant Iron Dome its legal expenses incurred in extricating all the Defendants from this baseless lawsuit. Plaintiff's conduct in this litigation was unusual (suing the opposing party's own counsel) and unreasonably aggressive (attempting to exploit an inadvertent administrative error in case scheduling). Having failed to rebut with any plausible good faith reasons, it can be inferred that Plaintiff commenced this lawsuit for bad faith reasons, in particular, to intimidate and punish.

Plaintiff's lawsuit also violated Delaware's anti-SLAPP statute. The fee-shifting provisions of Delaware's anti-SLAPP statute operate independently of the procedural devices. Fee-shifting being a matter of substantive state law, this Court sitting in diversity is permitted to award Defendant Iron Dome its legal expenses under the fee-shifting provisions of Delaware anti-SLAPP statute.

WHEREFORE, for the foregoing reasons, as well as the reasons stated in its opening brief, defendant Iron Dome, LLC respectfully requests that this Court grant its motion and award Iron Dome, LLC its reasonable attorneys' fees incurred in this action.

Dated: January 30, 2015

Respectfully submitted,

/s/ David L. Finger_____
David L. Finger (#2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange Street, 7th floor
Wilmington, DE 19801
(302) 573-2525
dfinger@delawgroup.com

Attorney for Defendants